# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| vs. | Case No: 22-03027-01-CR-S-BP |
| NATHAN MAHAFFEY, | |
| Defendant. | |

## GOVERNMENT'S SENTENCING MEMORANDUM

The United States of America, by and through Teresa A. Moore, United States Attorney for the Western District of Missouri, and undersigned counsel, respectfully submits this sentencing memorandum in the above-captioned matter, set for a sentencing hearing on October 16, 2023. For the reasons set forth below, the Government recommends that this Court sentence the defendant, Nathan Mahaffey, to 120-months' imprisonment, followed by a 10-year term of supervised release.

## I. FACTUAL BACKGROUND

On May 19, 2021, HSI Special Agent Brian Psenak, using investigative BitTorrent software, downloaded a collage of images depicting two prepubescent minors performing fellatio upon an adult male via the internet. The Internet Protocol address used by the remote computer to upload the images was identified and later determined to be assigned to Natasha Myrick, with a service address in Houston, Missouri.

On September 29, 2021, investigators with HSI and the Missouri State Highway Patrol executed a search warrant authorized by a Texas County Circuit Court Judge upon

the Phelps Street address. Upon arrival, investigators were met by Natasha Myrick. Myrick was interviewed and denied any knowledge of child pornography being accessed or downloaded from her home. She indicated that an individual identified as the defendant, Nathan Mahaffey, occasionally stayed at her residence. Myrick also notified the investigators that the defendant had a desktop computer in the residence. Said computer was seized by the investigators.

After speaking to Myrick, investigators proceeded to the defendant's place of employment. The defendant was located, advised of his *Miranda* rights and agreed to speak to the investigators. The defendant asserted that he searched for child pornography on the internet to assist law enforcement find websites featuring child pornography. The defendant wove a complicated and implausible account of how he tagged websites containing child pornography for law enforcement, but never forwarded this information to the authorities.

The investigators asked for and received the defendant's consent to search his cellular telephone. The investigators immediately located a folder that contained numerous images depicting child pornography. When confronted with this discovery, the defendant finally confessed that he downloaded child pornography for masturbatory purposes.

## II. **ARGUMENT**

The defendant is now scheduled to appear before the Court for sentencing after pleading guilty to receipt and distribution of child pornography, in violation of 18 U.S.C. § 2252(a)(2). Given the defendant's long-term interest in child pornography, inability to control his deviant sexual interests, ongoing efforts to minimize his conduct, serious

substance abuse problems, and resistance to treatment, the Government respectfully suggests that the Court impose a sentence of 120-months' imprisonment, followed by a ten-year term of supervised release.

## Statutory and Guidelines Calculations

The United States Sentencing Guidelines are now advisory, but they remain "the starting point and the initial benchmark" in sentencing. *Gall v. United States,* 552 U.S. 38, 49-50 (2007). The Guidelines must be properly calculated and considered, but ultimately the Court must craft a sentence that sufficiently accounts for the sentencing factors and objectives outlined in 18 U.S.C. § 3553(a). *Id*. at 49-50.

The final presentence investigation report, filed on April 19, 2023, concludes that the defendant's advisory guideline range of imprisonment is 188 to 235 months, based on a total offense level of 34, and a criminal history category III. Further, the defendant is subject to a period of supervised release of not less than five years. A request for restitution has been filed on behalf "April" in the amount of $5000.00. There are no objections to the presentence report by either party.

For the reasons set forth below, it is the Government's position that a sentence well below the applicable Guidelines is appropriate despite the egregious the nature of the offense.

### A. Statutory Sentencing Factors

#### 1. Nature and Circumstances of the Offense

As noted above, the investigation leading to the defendant's arrest was initiated after multiple law enforcement agencies downloaded child pornography from the defendant's

computer via the internet. The investigation culminated in the execution of a search warrant ultimately yielding two devices containing collections of child pornography.

When questioned, the defendant initially claimed that he accessed child pornography in an effort to assist law enforcement in the identification of websites provided child pornography. Only after being confronted with the collection of child pornography on his cellular telephone did the defendant admit to masturbating to the imagery depicting children being sexually abused. The defendant's collection of child pornography included depictions of prepubescent girls being raped and sodomized by adult males.

## 2. History and Characteristics of the Defendant

The defendant has been abusing drugs and alcohol for the entirety of his adult life. Despite efforts to treat theses issues, the defendant continued to abuse drugs and alcohol until he was incarcerated in connection with this offense. As result of his drug abuse, the defendant has been twice convicted of possessing marijuana.

## 3. Need to Promote Respect for the Law

The defendant's deviant sexual interests have caused profound harm to the children depicted in his collection of child sexual abuse material. The defendant's abject disregard for the suffering of children involved in the production of the images that he deliberately sought and distributed to others strongly suggest a complete disregard of not only the law, but also of societal norms. A lengthy sentence is therefore necessary to provide the defendant with a healthy respect for the law along with the tools to avoid re-offense.

### 4. Need to Afford Adequate Deterrence to Criminal Conduct

A sentence of 120-month imprisonment will unquestionably prevent the defendant from committing additional crimes for the length of his incarceration. Presumably, the recognition that there is a serious consequence for failing to abide by the law will deter the defendant from committing future illegal acts.

### 5. Need to Protect the Public from Further Crimes of the Defendant

The defendant has been convicted of an exceptionally serious offense exacerbated by even more disturbing relevant conduct involving his own grandchildren. The defendant's motivation for committing this crime is his sexual attraction to children. Further, the defendant's activities are significantly more serious than the typical child pornography offender. The defendant clearly presents a significant danger to society. Consequently, a lengthy sentence is warranted to protect the public from the defendant.

### 6. Need to Provide the Defendant with Education, Vocational Training, or Other Correctional Treatment

The defendant by his own admission has been actively seeking out and viewing child pornography for a significant period of time. The defendant's sexual attraction to children is compounded by a serious substance abuse problem and mental health issues. Clearly, treatment is profoundly important for the defendant to become a productive member of society and mitigate his dangerousness to the most vulnerable members of the community.

## III. CONCLUSION

The sentence imposed on the defendant must necessarily protect the public from the defendant's predations, afford an adequate deterrence to criminal conduct, reflect the seriousness of the offense, promote respect for the law, and, perhaps most importantly, provide just punishment for the offense.

WHEREFORE, for all the foregoing reasons, the United States respectfully suggests that the Court impose a 120-month term of imprisonment, followed by a 10-year term of supervised release.

Respectfully submitted,

Teresa A. Moore
United States Attorney

*/s/ James J. Kelleher*_____
JAMES J. KELLEHER
Assistant United States Attorney
Western District of Missouri
901 St. Louis Street, Suite 500
Springfield, Missouri 65806
(417)831-4406

## CERTIFICATE OF SERVICE

I hereby certify that on this the 13th day of October, 2023, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which sent e-mail notification of such filing to all CM/ECF participants in this case.

*/s/ James J. Kelleher*
JAMES J. KELLEHER
